IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHRIS COLE                                                                                            PLAINTIFF

    V.                    Civil No. 2:20-cv-02008-PKH

FARMERS COOPERATIVE ASSOCIATION
OF VAN BUREN, ARKANSAS                                                                  DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is an employment discrimination action in which Plaintiff claims that Defendant wrongfully terminated his employment because of his age. (ECF No. 1). Plaintiff appears *pro se*. Before the Court is Plaintiff's Motion for Leave to Proceed *in forma pauperis* and Motion for Service filed February 3, 2020. (ECF No. 2). The matter was referred to the undersigned on February 18, 2020 pursuant to 28 U.S.C. § 636(b)(1).

For the reasons stated below, it is recommended that the Motion for Leave to Proceed *in forma pauperis* and Motion for Service be denied.

## I. Background

As reflected in Plaintiff's affidavit, the Plaintiff is unemployed, but he receives pension benefits of $700.00 per month and Social Security benefits of $2,355.00 per month. (ECF No. 2, p. 1). Thus, Plaintiff's income totals $3,055.00 per month.

Regarding assets, Plaintiff's affidavit shows approximately $2,500.00 in cash or in a checking or savings account, and $200,000.00 in a retirement account. (*Id*., p. 2). He does not list the value of any real estate, automobiles, or other items of value, but he lists a home mortgage of $290,000.00 and a vehicle loan of $28,000.00. (*Id*.). He claims his monthly expenses, including his mortgage, total $5,000.00 per month, but Plaintiff does not itemize these expenses. (*Id*.).

## II.  Discussion

28 U.S.C. § 1915 governs applications for leave to proceed in forma pauperis.  28 U.S.C. § 1915(a)(1) provides:

> ". . . any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

To proceed in forma pauperis is a privilege and not a right.  *Green v. Wyrick*, 428 F.Supp. 728, 731 (W.D. Mo. 1976).  "A plaintiff, even though of small means, could reasonably be asked to some small degree to 'put his money where his mouth is,' it being all too easy to file suits . . . if it costs nothing whatever to do so."  *Id*. at 731-32.

The in forma pauperis statute is designed to ensure "that indigent persons will have equal access to the judicial system."  *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (internal citation omitted).  The decision of whether to grant or deny in forma pauperis status under § 1915 "is within the sound discretion of the trial court."  *Id*.

In *Fiebelkorn v. United States,* the United States Court of Federal Claims indicated: "[T]he threshold for a motion to proceed *in forma pauperis* is not high: The statute requires that the applicant be 'unable to pay such fees.' 28 U.S.C. § 1915(a)(1). To be 'unable to pay such fees' means that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute."  *Fiebelkorn v. United States,* 77 Fed.Cl. 59, 62 (2007); *see also Hayes v. United States,* 71 Fed.Cl. 366, 369 (2006).

Here, while Plaintiff has modest liquid assets ($2,500.00 in cash or a bank account), he apparently owns a home and vehicle and has $200,000.00 in a retirement account.  His total income

is $3,055.00 per month. This level of income is over two times the 2019 poverty guidelines for a family of two.[1] The filing fee of $400.00 is only 13% of the Plaintiff's monthly income. An annual income of approximately $20,000.00 was found sufficient to deny in forma pauperis status in *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23-24 (2d Cir. 1988); *see also Duran v. Macias-Price*, 2007 WL 2462066 at *1 (E.D.CA, Aug. 27, 2007) ($3,025 monthly income, home and car ownership, sufficient to deny in forma pauperis status).

It does not appear to the undersigned that Plaintiff is indigent and unable to pay the filing fee or guarantee costs without sacrificing the necessities of life in this action. "The pauper's affidavit should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

### III. Conclusion

Accordingly, it is recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* and Motion for Service (ECF No. 2) be **DENIED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of February 2020.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

---

[1] https://aspe.hhs.gov/2019-poverty-guidelines (last accessed February 24, 2020).