UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHRIS COLE                                                                                                    PLAINTIFF

v.                                              No. 2:20-CV-02008

FARMERS COOPERATIVE ASSOCIATION
OF VAN BUREN (AR)                                                                                     DEFENDANT

**OPINION AND ORDER**

On February 3, 2020, Chris Cole filed the instant action against Farmers Cooperative Association of Van Buren (AR) ("Farmers") alleging unlawful discrimination in violation of 29 U.S.C. § 621, et seq. That same day, Cole filed a motion for leave to proceed in forma pauperis. (Doc. 2). On February 18, 2020, the Court referred Cole's motion to United States Magistrate Judge Mark E. Ford. (Doc. 4). On March 16, 2020, the Court adopted a report and recommendations from Judge Ford denying Cole's motion to proceed in forma pauperis and directed Cole pay the filing fee by March 19, 2020. (Doc. 6). So that a Rule 4(m) deadline could be calculated, the order adopting the report and recommendations also stated that the day the fee was paid would be considered the filing date. Cole paid the filing fee on March 18, 2020. On July 30, 2020, Farmers filed a motion (Doc. 18) to dismiss the complaint for failure to state a claim upon which relief can be granted and insufficient service. Cole has not responded but a response is unnecessary. The motion will be denied.

Farmers argues the complaint is time barred by the 90-day statute of limitations pursuant to 29 U.S.C. § 646(e). A plaintiff must initiate an action for discrimination within 90 days after receiving a right to sue letter from the EEOC. Cole received a right to sue letter on November 7, 2019. Farmers argues that pursuant to Local Rule 4.2(a), Cole's complaint was filed the day he paid the filing fee, March 18, 2020, therefore the complaint was filed after the expiration of the

1

90-day statute of limitations. However, Cole filed a motion for leave to proceed in forma pauperis on February 3, 2020, which was within the 90-day window to file suit. For statute of limitations purposes, the Court considers Cole's motion to proceed in forma pauperis the initiation of his lawsuit. That being the case, the complaint was filed within the 90-day statute of limitations.

Even if the Court were required to consider March 18, 2020, as the filing date, equitable considerations would toll the statute of limitations. The Supreme Court has held equitable tolling is justified in in discrimination cases where the EEOC notice is inadequate, where a motion for appointment of counsel is pending, or where the court has led the plaintiff to believe that he has done everything required of him. *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). Here, Cole filed his complaint for motion to proceed in forma pauperis within the 90-day statute of limitation period. If equitable tolling is appropriate when a plaintiff is seeking appointment of counsel, it is certainly appropriate when a plaintiff is seeking to waive the court-imposed fees. In both cases, the plaintiff has acted timely and diligently but was waiting for action by the Court. Cole filed his complaint on February 3, 2020. As a pro se plaintiff, Cole likely believed his filing date was the day he filed his complaint and motion with the Clerk of Court. For statute of limitations purposes, it would be inequitable to hold against Cole the time it took the Court to rule on his motion for leave to proceed in forma pauperis.

The Court finds these circumstances justify the application of equitable tolling. The Court's order denying Cole's motion directed the filing fee be paid by March 19, 2020. Cole paid the filing fee on March 18, 2020. Therefore, even if the Court considered March 18 as the filing date, Cole's complaint is timely and not barred by the statute of limitations.

Farmers further argues dismissal is appropriate based on insufficient process due to various technical deficiencies in the summons. "Under federal law, if the summons and complaint have

been successfully delivered to the defendant and service is otherwise proper, purely technical errors in the form of the summons may not invalidate service absent a showing of prejudice." *Broadway v. adidas Am., Inc.*, No. 3:07cv000419 SWW, 2008 WL 2705566, at *4 (E.D. Ark. July 10, 2008) (citing *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897 (11th Cir. 1990)). Farmers makes no showing that the technical errors in the summons caused it prejudice. Nor does Farmers argue that service of process was otherwise improper. In this instance, the proper remedy is to allow plaintiff to amend the summons as provided in Federal Rule of Civil Procedure 4(a), rather than dismiss the action. *Id.* Cole is directed to obtain an amended summons, include the information set out in Federal Rule of Civil Procedure 4(a), and serve it on Farmers by filing it on the docket by August 31, 2020.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 18) is DENIED.

IT IS FURTHER ORDERED that Plaintiff is directed to obtain an amended summons, include the information set out in Federal Rule of Civil Procedure 4(a), and serve it on Farmers by filing it on the docket by August 31, 2020.

IT IS SO ORDERED this 4th day of August, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE